UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTEBAN ROBERT MATOS
CAMPOS,

        Plaintiff,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
US ATTORNEY GENERAL,

        Defendants.

Case No. 2:26-cv-1672-KCD-NPM

## ORDER

Petitioner Esteban Robert Matos Campos has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at 7-8.) Respondents oppose the petition (Doc. 6.) For the reasons below, the petition is **DENIED**.

### I. Background

Campos is a native of Cuba who entered the United States at an unknown date and time. After being convicted of grand theft, he was processed as an expedited removal. (Doc. 6-1 at 13-14, 16.) An expedited

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

removal order, which is a final order of removal, was issued on February 10, 2026. (*See* Doc. 6-1 at 13 ("Order of removal under Section 325(b)(1) of the Act").) He was taken into custody that day.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

Campos argues that his due process rights have been violated because he has not been provided a bond hearing, and he cannot be lawfully detained because he has no final order of removal. (Doc. 1 at 7-8.) Not so. He was taken into custody on February 10, 2026, and served with a notice and order of expedited removal, which is a final order. (Doc. 6-1 at 13-14, 16.) Campos does not dispute any of the immigration documents from the Government

2

(including the removal order), and so the Court considers them dispositive of the underlying facts. (*See* Doc. 6-1.)

The issue presented here is whether Campos's detention falls under § 1226 or § 1231. Section 1226(a) provides that noncitizens "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Noncitizens detained under § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Section 1231, in turn, governs the detention of noncitizens who have been ordered removed. Subsection (a)(2) requires detention of noncitizens during the removal period, which normally begins on the date the removal order becomes administratively final.

According to the only evidence before the Court, there are no pending agency proceedings relevant to Campos's removal. The 2026 expedited removal order is administratively final and ready to be executed. Because he is subject to a final removal order, Campos's detention is governed by § 1231. He is thus not entitled to release, a bond hearing, or any other habeas relief based on the claims asserted in his habeas petition. And his detention does not run afoul of the due process clause because he has only been detained since February 10, 2026. As the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain under § 1231 does not stretch into infinity, but

3

for the first six months, detention is presumptively reasonable. 533 U.S. 678, 701 (2001). Any claim under *Zadvydas* is thus premature because Campos has not been detained for longer than six months since his removal order was reinstated.

## IV. Conclusion

Esteban Robert Matos Campos's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**ORDERED** in Fort Myers, Florida on June 12, 2026.

Kyle C. Dudek
United States District Judge